UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ENERGY & ENVIRONMENT LEGAL )<br>    INSTITUTE )<br>722 12th Street NW, 4th Floor )<br>Washington, DC 20005 )<br>                                       )<br>    Plaintiff, )<br>                                       )<br>    v. )<br>                                         )<br>UNITED STATES DEPARTMENT OF STATE )<br>2201 C Street NW )<br>Washington, DC 20520 )<br>                                       )<br>    Defendant. ) | C.A. No. 17- 340 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff ENERGY & ENVIRONMENT LEGAL INSTITUTE ("E&E Legal"), for its complaint against Defendant UNITED STATES DEPARTMENT OF STATE ("State"), allege as follows:

1) This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel production under a FOIA request for certain described agency records, to which request defendant has provided no response whatsoever and therefore constructively denied.

2) These records are of great public interest and would further illuminate State Department involvement in an effort, as reported by a lobbyist for an environmentalist pressure group seeking State's assistance, to coordinate "climate change" activists "in recognition that the current [Obama]Administration is coming to an end soonish and their [China's] desire to open up channels in DC that are additional to the ones that are working well

1

now" (quoting an April 15, 2015 email from Jennifer Morgan of the World Resource Institute to State Department officials Todd Stern and Clare Sierawski).

3) The request, sent on January 25, 2017, sought records relating to communications sent to or from a limited group of specific State employees.

4) State failed to acknowledge plaintiff's January 25, 2017 request, failed to grant a fee waiver, assign it a tracking number, or to provide an initial determination of the number of responsive records it intends to release or withhold within the 20-day time limit established under 5 U.S.C.S. § 552(a)(6)(A)(i) or to provide any records responsive to either request.

5) Defendant's failure to respond has constructively exhausted all of plaintiff's administrative remedies leaving plaintiffs no choice but to file this lawsuit to compel State to comply with the law with regard to release of agency records. See *Coleman v. Drug Enforcement Admin.* 714 F.3d 816 (4th Cir. 2013).

## PARTIES

6) Plaintiff Energy & Environment Legal Institute (E&E Legal) is a nonprofit research, public policy and public interest litigation center incorporated in Virginia with offices in the District of Columbia, and dedicated to advancing responsible regulation and in particular economically sustainable environmental policy.  E&E Legal's programs include analysis, publication and a transparency initiative seeking public records relating to environmental and energy policy and how policymakers use public resources.

7) Defendant State is a federal agency headquartered in Washington, DC.

## JURISDICTION AND VENUE

8) This Court has jurisdiction pursuant to 5 U.S.C. § 552(a)(4)(B) because this action is brought in the District of Columbia and 28 U.S.C. § 1331 because the resolution of disputes under FOIA presents a federal question.

9) Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e) because defendant State is a federal agency operating in the District of Columbia and a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

## FACTUAL BACKGROUND
### Plaintiffs' FOIA Requests

13) In a January 25, 2017 FOIA request sent to State by confirmed fax transmission, plaintiff requested two related categories of certain identified records, specifically:

> I. Please provide us, within twenty working days, copies of all emails and any text, SMS or other real-time or instant message sent to or from (also including as cc: or bcc:) State Department employees Susan Biniaz, Trigg Talley, Todd Stern, Clare Sierawski, Christo Artusio, and/or David Vance; 1) which also mention, or were sent to or from Jennifer Morgan (including also as cc: or bcc:); and 3) which use any of the words a) China, b) Chinese, c) NCSC, d) support (including also supportive, supporting, et al.), and/or e) expert (including also in e.g., "experts" or "expertise").
>
> Records responsive to this request will be dated from April 15, 2015 through January 20, 2017, inclusive.
>
> We request productions begin with the oldest records first, which means with April 30, 2015 through May 30, 2015 emails, beginning 4/15/15 at 8:30 AM from WRI's Morgan to *inter alia* Todd Stern and Clare Sierawski (Subject: "US-China longer-term dialogue").
>
> II. Please provide us, within twenty working days, copies 2 of all emails and any text, SMS or other real-time or instant message sent to or from (also including as cc: or bcc:) State Department employees Susan Biniaz, Trigg Talley, Todd Stern, Clare Sierawski, Christo Artusio, and/or David Vance, which also were sent to or from (also

> including as cc: or bcc:), or reference in either the Subject field or anywhere in the body of a message, Kelly Sims Gallagher, Paul Joffe, Manish Bapna, Paul Bodnar (at any email address including one ending in @Gmail.com or @wri.org).
>
> Records responsive to this request will be dated from March 11, 2015 through January 20, 2017, inclusive.
>
> We request productions begin with the oldest records first, which means with the March 11, 2015 through March 12, 2015 email thread beginning 3/11/15 at 5:42 PM from State's Trigg Talley to inter alia Todd Stern and Susan Biniaz (Subject "Jennifer Morgan"). (citations and emphases from original omitted)

14) Plaintiff narrowed the scope of the request, stating, "To further help narrow the population of potentially responsive records and reduce the review required in order to complete processing of this request, requesters do not seek correspondence that merely forwards press clippings, such as news accounts or opinion pieces, if that correspondence has no comment or no substantive comment added by any party in the thread (an electronic mail message that includes any expression of opinion or viewpoint would be considered as including substantive comment; examples of non-responsive emails would be those forwarding a news report or opinion piece with no comment or only "fyi", or "interesting").)." (emphasis in original request)

**Defendant's Failure to Substantively Respond**

16) State has not acknowledged the request, granted a fee waiver, or responded in any way let alone initiated production of responsive documents as requested and as plaintiff is owed.

17) State has failed to provide such initial determinations of the estimated volume of responsive records to be processed and otherwise manifest its intention to process plaintiffs' requests, and to provide assurance was actually processing such requests, as required within 20 days by 5 U.S.C.S. § 552(a)(6)(A)(i).

18) Under FOIA State owed plaintiff a substantive initial determination to this request by February 23, 2017.

## LEGAL ARGUMENTS

20) Under the Freedom of Information Act, after an individual submits a request, an agency must determine within 20 working days after the receipt of any such request whether to comply with such request. 5 U.S.C.S. § 552(a)(6)(A)(i). Under *Citizens for Responsible Ethics in Washington v. Federal Election Commission*, 711 F.3d 180, 186 (D.C. Cir. 2013), that response must provide an initial determination with particularized assurance of the scope of potentially responsive records, including the scope of the records it plans to produce and the scope of documents that it plans to withhold under any FOIA exemptions. This 20-working-day time limit also applies to any appeal. § 552(a) (6)(A)(ii).

21) 5 U.S.C.S. § 552(a)(6)(A) proclaims that the 20-day time limit shall not be tolled by the agency except in two narrow scenarios: The agency may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester, § 552(a)(6)(A)(ii)(I), and agencies may also toll the statutory time limit if necessary to clarify with the requester issues regarding fee assessment. § 552(a)(6)(A)(ii)(II).  In either case, the agency's receipt of the requester's response to the agency's request for information or clarification ends the tolling period.

22) In *Bensman v. National Park Service*, 806 F. Supp. 2d 31 (D.D.C. 2011) the court noted: "[The effect of] the 2007 Amendments was to impose consequences on agencies that do not act in good faith or otherwise fail to comport with FOIA's requirements. See S. Rep. No. 110-59.  To underscore Congress's belief in the importance of the statutory time limit, the

2007 Amendments declare that '[a]n agency shall not assess search fees… if the agency fails to comply with a*ny time limit'* of FOIA." In addition the Fourth Circuit noted that the Open Government Act of 2007 causes agencies to waive their right to fees if the agency fails to comply with an applicable time limit under FOIA. See *Coleman v. Drug Enforcement Admin.,* 714 F.3d 816, FN 2 (4th Cir. 2013). In other words, the amendments were created to prevent agencies from delaying processing requests only to then impose fees when compelled to produce responsive records.

23) State must therefore produce the requested documents as required by law, waiving any fees.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records under the Freedom of Information Act
### Declaratory Judgment

24) Plaintiff re-alleges paragraphs 1-23 as if fully set out herein.

25) Plaintiff is entitled to responsive records subject to legitimate withholdings.

26) Plaintiff has no requirement to further pursue its administrative remedies.

27) Plaintiff asks this Court to enter a judgment declaring that:

a. The records requested on January 25, 2017 in the FOIA described above are agency records subject to FOIA;

b. State's refusal to provide a substantive response or responsive records is unlawful; and

c. Defendant must release to plaintiff responsive records subject to legitimate withholdings under exceptions to the Freedom of Information Act.

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records Under the Freedom of Information Act
### Injunctive Relief

28) Plaintiff re-alleges paragraphs 1-27 as if fully set out herein.

29) Plaintiff is entitled to declaratory relief that defendant has failed to provide responsive documents and/or injunctive relief compelling defendant to provide plaintiff documents responsive to its request.

30) Plaintiff asks the Court to enter an injunction ordering the defendant to provide plaintiff documents responsive to its request within 20 business days of the date of the order.

31) Plaintiff asks the Court to order the Parties to consult regarding withheld documents and to file a status report to the Court within 30 days after plaintiff receives the last of the produced documents, addressing defendant's preparation of a *Vaughn* log and a briefing schedule for resolution of remaining issues associated with plaintiffs challenges to defendant's withholdings, if any, and any other remaining issues.

## THIRD CLAIM FOR RELIEF
### Costs And Fees – Injunctive Relief

32) Plaintiff re-alleges paragraphs 1-31 as if fully set out herein.

34) Pursuant to 5 U.S.C. § 552(a)(4)(E), the Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

35) Plaintiff is statutorily entitled to recover fees and costs incurred as a result of defendant's refusal to fulfill the FOIA requests at issue in this case.

36) Plaintiff asks the Court to order the defendant to pay reasonable attorney fees and other litigation costs reasonably incurred in this case.

WHEREFORE, Plaintiff requests the declaratory and injunctive relief herein sought, and an award for their attorney fees and costs and such other and further relief as the

Court shall deem proper.

Respectfully submitted this 27th day of February, 2016.

By Counsel:

*Chaim Mandelbaum*

———————————————

Chaim Mandelbaum, Esq.
D.D.C. Bar No. VA 86199
Attorney for: ENERGY & ENVIRONMENT LEGAL INSTITUTE
726 N. Nelson St, Suite 9
Phone: (703) 577-9973
chaim12@gmail.com

———————————————

Chris Horner, Esq.
D.D.C. Bar No. 440107
722 12th St, NW
4th Floor
Washington, D.C. 20005
(202) 262-4458
chris@chornerlaw.com